Patrick J. Picariello, J.
Respondents, by order to show cause dated August 13,1969, move this court for an order vacating and setting aside the judgment of this court dated December 17, 1968 awarding possession of the subject apartment to the petitioner or, in the alternative, granting a stay of the issuance of the warrant of eviction for the duration of the recently enacted Rent Stabilization Law (hereinafter referred to as RSL), which became effective May 6, 1969. (Local Laws, 1969, No. 16 of City of New York.)
The facts are not in dispute; the only issue before the court herein is whether or not respondents can successfully invoke the provisions of the RSL to avoid their own voluntary agreement and/or to upset the judicial fiat resulting from the holdover proceedings instituted by the petitioner. The court may not consider the other argument advanced by the respondents, to wit, extreme hardship caused by their eviction, since it is proscribed from further staying the execution of any warrant which may be issued herein by section 753 of the Real Property Actions and Proceedings Law.
It appears that respondents enjoyed possession of the subject apartment by virtue of a renewal of a written lease, which, by its terms, expired on November 30,1968. In and by the terms of this last renewal of the lease, the respondents agreed with the petitioner to ‘1 surrender and deliver possession of the aforementioned described apartment not later than the 30th day of November 1968
*802 The instant holdover proceedings were instituted by petitioner upon respondents’ breach of the said covenant in the lease by failing and refusing to surrender possession of the subject apartment on November 30, 1968.
Upon the return day of the precept, respondents (respondent husband is an attorney at law) appeared by counsel and, in open court, entered into a stipulation on the record consenting to the entry of a final judgment awarding possession of the subject apartment to the petitioner. Respondents admit in their moving papers on this application that they had no defense to the holdover proceeding. Addressing themselves to the discretion of the court, the respondents then requested a stay of the issuance of the warrant in order to enable them to relocate themselves. The court, in the exercise of said discretion, granted them a first stay to February 28, 1969, a second stay to April 30, 1969 and, because of the exigencies of their situation and after hearing in open court, a third and final stay to May 16, 1969.
On May 6, 1969, the new RSL became effective.
Respondents presently invoke this legislation for the relief sought herein.
It therefore behooves the court to inquire into the RSL and to ascertain whether or not the same can be so properly invoked.
After such review, it is the court’s considered opinion that the legislative intent of the City Council in enacting the RSL was to protect and preserve landlord-tenant relationships whose disruptions were being threatened by rent gouging landlords, and to regulate rents. There is no ambiguity in the enactment. At least, this court finds none. It is the function of the court to construe and not to revise legislative enactments. The court will not construe this legislation as designed to regenerate erstwhile landlord-tenant relationships whose time boundaries had been circumscribed by voluntary agreements between the parties. Moreover, such a construction, in this court’s opinion, would impair the obligations of the voluntary agreement entered into between the parties herein as the same is reflected in the last renewal lease, thereby rendering this salutary enactment unconstitutional. The petitioner has a legal right to enforce not only the lease agreement voluntarily executed by the respondents but also the stipulation voluntarily entered into in open court which resulted in the judicial fiat. Motion denied in toto. Stay dissolved.